S04Y0140. IN THE MATTER OF LEONARD H. QUEEN, SR.
(594 SE2d 323)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master who recommends accepting Respondent Leonard H. Queen, Sr.'s petition for voluntary discipline which he filed pursuant to Bar Rule 4-227 (c) after the issuance of a Formal Complaint. Despite the fact that the State Bar alleged in the Formal Complaint that Queen committed six violations of Standard 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) of Bar Rule 4-102 (d), Queen admits only that he violated Standard 30 (without notice to and consent from his client, a lawyer shall not accept or continue employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property or personal interests) of Bar Rule 4-102 (d). Although a single violation of either Standard may be punished by disbarment, Queen requests a 30-month suspension. The State Bar raises no objection to Queen's petition and the special master recommends that this Court accept the petition and impose a 30-month suspension.

This disciplinary matter arose out of Queen's dealings with one client with whom Queen had an on-going attorney-client relationship. Queen admits, and the special master found that in December 1997 he undertook representation of the client on a charge of driving under the influence; that during the course of that representation the

client, who owed Queen fees from a previous representation, told him that she had received a notice of foreclosure of tax fi.fa.'s on her home and that she could not pay the taxes due on the property; that they then negotiated an agreement under which the client would transfer the property to Queen who would then cover the taxes due while the client continued to live on the property; that they consummated that agreement and legal title was conveyed to Queen; that in July 1998, after the client was arrested on a suspended license charge, Queen presented her with a two-year lease/purchase document setting rent at $500 per month and providing that title to the property would be reconveyed to the client at the expiration of the lease; that Queen did not inform the client of any possible conflicts of interest in these arrangements and did not advise her to seek independent counsel in connection with the transactions; and that when the client failed to perform under the lease, Queen dispossessed her.

Based on these facts, we find that Queen's actions violated Standard 30. In mitigation, we find that Queen has no prior disciplinary record and note that the Special Master found that he has good character and a good reputation. Accordingly, we find that a substantial suspension is an appropriate sanction in this case and order that Leonard H. Queen, Sr. be, and hereby is, suspended from the practice of law for a period of 30 months from the date of this opinion. Queen is reminded of his duties under Bar Rule 4-219 (c).

*Suspended. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia. *James E. Spence, Jr.*, for Queen.